ST. CHARLES COUNTY,
et al., Appellants,

v.

CITY OF ST. PETERS,
et al., Respondents,

and

Attorney General Jay Nixon,
Respondent–Intervenor.

No. ED 84211.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 27, 2004.

Motion for Rehearing and/or Transfer
Denied Aug. 31, 2004.

Case Transferred to Supreme Court
Oct. 26, 2004.

Case Retransferred to Court of
Appeals Jan. 25, 2005.

Original Opinion Reinstated
Jan. 28, 2005.

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

Edward D. Robertson, Jr., Mary D. Winter, Jefferson City, MO, Joann Leykam, James Borchers, St. Charles, MO, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Wilson, Rex Burlison, Earl Kraus, Jefferson City, MO, for respondents.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

## ORDER

PER CURIAM.

St. Charles County (the "County") appeals from the trial court's judgment granting summary judgment in favor of the City of St. Peters ("St. Peters"). The County raises six points on appeal. In its first five points, the County argues the trial court erred in granting summary judgment in favor of St. Peters:[1] (1) on Counts I–III of the County's petition because St. Peters was not entitled to collect payments in lieu of taxes ("PILOTS") and economic assessment taxes ("EATS") because PILOTS are special assessments and because St. Peters failed to designate an "area selected for the redevelopment project" as required by Ordinance Nos. 1961 & 1962; (2) on Count IV of the County's petition because Section 99.805(7), RSMo Cum.Supp.1992, permits the use of PILOTS for private use only and the community recreation center facility, the Rec–Plex, is for a public use; (3) on Count VI of the County's petition because the St. Peters Board of Alderman acted in bad faith and arbitrarily or in excess of its authority by creating the St. Peters Centre Redevelopment Area Tax Increment Financing District in that it does not contain a predominance of land that is blighted; (4) on Count VI of the County's petition because the St. Peters Board of Alderman violated Article VI, Section 27(b) of the Missouri Constitution by issuing revenue bonds without a vote of the people; and (5) on Count VIII of the County's petition because St. Peters's use of EATS violates Article VI, Sections 23 & 25 of the Missouri Constitution in that St. Peters used public money to assist a private entity, Costco Wholesale Corporation ("Costco"). In point six, the County argues the trial court erred by ruling that the statute of limitations and the doctrines of laches, estoppel and waiver bar the County's causes of action. On cross-appeal, St. Peters argues the trial court erred in refusing to assess the attorneys' fees incurred by it and Costco because the Declaratory Judgment Act permits attorneys' fees to be recovered in cases of special circumstances, and the trial court abused its discretion in failing to find special circumstances existed in this case. We affirm the trial court's grant of summary judgment in favor of St. Peters because Counts I–VI and VIII of the County's petition were barred by the statute of limitations. We also affirm the trial court's denial of St. Peters's motion for attorneys' fees.

We have reviewed the briefs of the parties and the record on appeal and no errors of law appear. The trial court's judgment is affirmed. No precedential or jurisprudential purpose would be served by an opinion reciting the detailed facts and restating the principles of law. However, a memorandum has been provided to

---

1. The County also attempts to appeal from the trial court's denial of its summary judgment motion. However, we will not address that argument here because denial of a summary judgment motion is not appealable, and will only be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party. See *Transatlantic Ltd. v. Salva,* 71 S.W.3d 670, 676 (Mo.App. W.D.2002).

the parties, for their use only, setting forth the reasons for this order. We affirm pursuant to Rule 84.16(b).